IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

SEP 27 2011

GREGORY C. LANGHAM
CLERK

Civil Action No. 11-cv-01966-LTB

JOSE ROJAS TAPIA,

    Plaintiff,

v.

MAIL ROOM FLORENCE, CO MAX,
OIC FRISK,
OIC EVANS, and
COUNSELOR HANSEN,

    Defendants.

## ORDER DENYING MOTIONS TO RECONSIDER

Plaintiff, Jose Rojas Tapia, has filed *pro se* on September 22, 2011, three nearly identical motions to reconsider (Doc. ##10, 11, and 12) asking the Court to reconsider and vacate the Order of Dismissal and the Judgment entered in this action on September 14, 2011. The Court must construe the motions liberally because Mr. Tapia is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons discussed below, the motions will be denied.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to alter or amend the judgment must be filed within twenty-

eight days after the judgment is entered. **See** Fed. R. Civ. P. 59(e). The Court will consider Mr. Tapia's motions to reconsider pursuant to Rule 59(e) because the motions were filed within twenty-eight days after the Judgment was entered in this action. **See Van Skiver**, 952 F.2d at 1243 (stating that motion to reconsider filed within ten-day limit for filing a Rule 59(e) motion under prior version of that rule should be construed as a Rule 59(e) motion).

A Rule 59(e) motion may be granted "to correct manifest errors of law or to present newly discovered evidence." **Phelps v. Hamilton**, 122 F.3d 1309, 1324 (10th Cir. 1997) (internal quotation marks omitted). Relief under Rule 59(e) also is appropriate when "the court has misapprehended the facts, a party's position, or the controlling law." **Servants of the Paraclete v. Does**, 204 F.3d 1005, 1012 (10th Cir. 2000). However, a Rule 59(e) motion is not a new opportunity to revisit issues already addressed or to advance arguments that could have been raised previously. **See id**.

The Court dismissed the instant action without prejudice because Mr. Tapia failed to cure a deficiency. On August 4, 2011, Magistrate Judge Boyd N. Boland ordered Mr. Tapia either to pay the filing fee or to submit a certified copy of his inmate trust fund account statement in support of his motion seeking leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 because the *in forma pauperis* motion he filed when he initiated this action was not supported by the necessary certified trust fund account statement. Magistrate Judge Boland warned Mr. Tapia that the complaint and the action would be dismissed without further notice if he failed to cure the deficiency within thirty days.

2

On August 19, 2011, Mr. Tapia submitted a copy of his inmate trust fund account statement. However, the account statement Mr. Tapia submitted on August 19 was not certified by a prison official as required pursuant to 28 U.S.C. § 1915(a)(2). Therefore, the Court dismissed this action on September 14, 2011, because Mr. Tapia had failed to cure the deficiency within the time allowed.

Mr. Tapia appears to allege in the motions to reconsider that he requested a certified copy of his inmate trust fund account statement three different times but that his counselor did not certify the account statement. He further alleges that he cannot control whether his counselor certifies an account statement. Mr. Tapia apparently also argues that prison officials are attempting to prevent him from litigating this action because he is suing prison staff. Finally, Mr. Tapia asks for another opportunity to submit a certified copy of his inmate trust fund account statement. Mr. Tapia has not submitted a certified copy of his inmate trust fund account statement with any of the motions to reconsider.

Upon consideration of the motions to reconsider and the entire file, the Court finds that Mr. Tapia fails to demonstrate some reason why the Court should reconsider and vacate the order to dismiss this action. Mr. Tapia acknowledges that he was aware of the order directing him to submit a certified copy of his inmate trust fund account statement and he alleges that he attempted to comply with that order. However, he fails to explain why, after his counselor failed or refused to provide him with a certified copy of his inmate trust fund account statement, he did not advise the Court of that fact when he submitted the uncertified copy. As noted above, a Rule 59(e) motion is not a new opportunity to advance arguments that could have been raised previously. **See id**.

For these reasons, the motions to reconsider will be denied. Mr. Tapia is reminded, however, that the Court dismissed the instant action without prejudice. Therefore, if Mr. Tapia wishes to pursue his claims, he may do so by filing a new action. Accordingly, it is

ORDERED that the motions to reconsider (Doc. ##10, 11, and 12) filed on September 22, 2011, are denied.

DATED at Denver, Colorado, this 27th day of September, 2011.

BY THE COURT:


      s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-01966-BNB

Jose Rojas Tapia
Reg. No. 18233-069
USP Florence ADMax
PO Box 8500
Florence, CO 81226

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on September 27, 2011.

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk